**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2711
_____

MICHAEL NELSON,
                                          Appellant

v.

MROCZKA, Psychologist assigned to H-Block of SCI-Mahanoy
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 4:22-cv-01238)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a) on July 15, 2024
_____

Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: July 23, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Michael Nelson, a Pennsylvania state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's grant of summary judgment in favor of the defendant. For the following reasons, we will affirm.

In August 2022, Nelson filed a civil action in the United States District Court for the Middle District of Pennsylvania alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Nelson's sole claim asserted that, on May 9, 2022, he advised defendant Mroczka, a prison psychological services specialist, that he was in mental distress from continuous pain and was going to kill himself. He alleged that Mroczka "called [him] a nuisance and then encouraged [him] to commit suicide." D.Ct. ECF No. 1 at 2. Shortly thereafter Nelson was seen by another mental health professional, at which time he complained of foot pain and the refusal of medical staff to see him. He expressed no further suicidal thoughts or ideation at that time.

At the conclusion of discovery, the parties filed cross-motions for summary judgment. Mroczka made multiple arguments in support of her motion, including that Nelson had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. She also argued that Nelson's claims failed as a matter of law because, among other reasons, the alleged verbal comments, unaccompanied by further injury, did not violate the Eighth Amendment where Nelson was receiving medical care and where he failed to allege or demonstrate any harm or injury as a result of the purported conversation.

The District Court granted Mroczka's motion for summary judgment. In so doing, it concluded that the prison's failure to respond in a timely manner to Nelson's

2

administrative grievance meant that he had discharged his duties to exhaust under the PLRA. However, it agreed that there was no genuine dispute of material fact as to whether a constitutional violation occurred and that the defendant was entitled to judgment as a matter of law. See D.Ct. ECF No. 109 at 6-7; see also Fed. R. Civ. P. 56(a). Among other rationales for its decision, the District Court determined that, even assuming the disputed remarks were made, "such comments – while unprofessional – in and of themselves do not rise to the level of a constitutional violation, especially when Nelson received mental health treatment immediately thereafter and cannot allege any type of resultant harm." D.Ct. ECF No. 109 at 9 (footnotes omitted). Nelson appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment, applying the same standard as the District Court. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

Nelson's filings in this Court raise arguments related only to the issue of the exhaustion of administrative remedies. A prisoner who fails to satisfy the rules of the grievance process of the prison in which they are incarcerated is procedurally barred from presenting their claims in federal court under the PLRA. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000). While failure to exhaust is an affirmative defense which may be asserted by a defendant, see Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018), the defense may be lost where a prison's own actions rendered such administrative remedies unavailable. See Shifflett v. Korszniak, 934 F.3d 356, 367 (3d Cir. 2019) (holding that exhaustion under the PLRA "requires strict compliance by prison officials with their own policies" regarding administrative remedies).

3

Nelson asserts that Mroczka's motion for summary judgment should have been denied because the prison's failure to respond to his grievance in a timely manner constituted a "procedural default" as to his claim. 3d Cir. ECF No. 19 at 4. He also argues that "any defenses are untimely because they're filed in violation of the Pennsylvania Depart of Corrections Grievance Policy." Id. at 5. He asserts that, because the prison failed to strictly comply with its own policies, "any and all defense by [Mroczka] must be rejected," and the grant of summary judgment reversed, "because [what] this court would do with an inmate for failure to comply with the PLRA, it must do the same with the Appellee and reject[] their claim." Id. at 3-4.

To the extent that Nelson asserts that the failure to respond to his grievance in a timely manner rendered the affirmative defense of exhaustion unavailable, the District Court agreed and declined to dismiss the action for failure to exhaust. To the extent that Nelson argues that the prison's failure to timely process his grievance renders any defense unavailable, such an assertion lacks merit. Nothing in the PLRA can be read to suggest that a failure to strictly follow prison grievance procedures renders any merits or other defense to a civil action in court procedurally barred. Even if such a theory were viable, it would not render Mroczka's defenses untimely, as suggested by Nelson, as Mroczka was not involved in the administration of Nelson's grievances.

As Mroczka notes, Nelson's opening brief, even when liberally construed, does not set forth any argument challenging the District Court's multiple rationales for granting summary judgment. Accordingly, we agree that Nelson has forfeited any challenge to the District Court's merits analysis of his claim. See In re LTC Holdings,

4

Inc., 10 F.4th 177, 181 n.1 (3d Cir. 2021) ("[A]rguments not developed in an appellant's opening brief are forfeited." (citing In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016))). Nonetheless, we have reviewed the decision of the District Court and discern no error. We agree that there was no genuine dispute of material fact as to whether a constitutional violation occurred, and that Mroczka was entitled to judgment as a matter of law. We will affirm the decision of the District Court.[1]

---

[1] Nelson's motion to file supplemental exhibits, 3d Cir. ECF No. 15, is granted. In light of our disposition, Nelson's motion for the appointment of counsel, 3d Cir. ECF No. 31, is denied.